NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7360

MANUELA A. BAGUIOEN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Manuela A. Baguioen, of Philippines, pro se.

Patrick B. Bryan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and William F. Ryan, Assistant Director.  Of counsel on the brief were Michael J. Timinski, Deputy Assistant General, and Jamie L. Mueller, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeal for the Federal Circuit

2006-7360

MANUELA A. BAGUIOEN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: February 26, 2007

_____

Before   RADER, GAJARSA, <u>Circuit Judges</u> and O' MALLEY, [*] <u>District Judge</u>.

PER CURIUM

    Ms. Manuela A. Baguioen appeals the June 6, 2006 decision of the United States Court of Appeals for Veterans Claims (Veterans Court), <u>Baguioen v. Nicholson</u>, No. 06-88 (Vet. App. 2006), dismissing as untimely her appeal of a decision of the Board of Veterans' Appeals.  Ms. Baguioen had sought benefits based on the death of her

---

    [*] Honorable Kathleen O' Malley, District Judge, Ohio Northern District Court, sitting by designation.

husband, a veteran. Because we do not have a statutory grant of jurisdiction to rule on this appeal, we must dismiss the appeal.

I

On August 19, 2005, the Board issued a final decision denying Ms. Baguioen's claim for dependency and indemnity compensation (DIC) based on clear and unmistakable error. Attached to the decision, the Board included a notice informing Ms. Baguioen of the steps necessary to appeal the Board's decision.

On January 10, 2006, more than 120 days after the board mailed its decision. Ms. Baguioen filed a notice of appeal with the Veterans Court. On January 27, 2006, the clerk of the Veterans Court issued Ms. Baguioen an order noting that the Veteran's Court cannot review a decision of the Board unless the notice of appeal is filed with the court within 120 days after Board has mailed its decision. The court asked Ms. Baguioen to explain her delay. The order gave Ms. Baguioen 50 days to respond. On March 14, 2006, the Veterans Courts received Ms. Baguioen's response. In the response, Ms. Baguioen argued that the "time limit of adjudicating her case should not be prejudiced because the Pro Bono Program had already accepted [her] representation before the [Veterans Court] under the Equal Access to Justice Act." On March 17, 2006, the Veterans Consortium Pro Bono Program (Veterans Consortium) moved to the stay proceedings until May 1, 2006 to evaluate whether it wished to represent Ms. Baguioen. The Veterans Court granted the motion on March 23, 2006.

On June 6 2006, the Veterans Court dismissed Ms. Baguioen's Appeal. In its opinion, the Veterans Court noted that Ms. Baguioen had not justified her untimely appeal. The court also declined to apply equitable tolling.

In reviewing a Veterans Court decision, this court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions" and set aside any regulation or interpretation thereof " other than a determination as to a factual matter" relied upon by the Veterans Court that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise accordance with law; (B) contrary to constitutional right, power privilege or immunity; (C) in excess of statutory jurisdictions, authority or limitation ,or in violation of a statutory right; or (D) without observance of procedure required by law. 38 U.S.C Section 7292(d)(1) (2006). To obtain review by the Veterans Court of a final decision of the Board of Veterans' Appeals, a party must file within 120 after the date on which notice of the decision is mailed. 38 U.S.C. § 7266(a).

The Board issued its final decision denying Ms. Baguioen's DIC claim on August 6, 2005. Thus, to preserve her right to appeal Ms. Baguioen needed to file her notice of appeal with the Veterans Court by December 17, 2005. Ms. Baguioen, however, filed her notice of appeal to the Veteran Court on January 10, 2006, 144 days from the date of the final decision of the board.

Rather than immediately dismissing the notice of appeal as untimely, the Veterans Court granted Ms. Baguioen 50 days to explain why Veterans Court should not dismiss her appeal. The Veterans Court further granted the Veterans Consortium an additional 45 day stay. At no time did Ms. Baguioen bring forward evidence demonstrating that her notice of appeal was timely or explaining her error. The Veterans Court further noted the record was devoid of any evidence to suggest that equitable tolling would be appropriate.

In her appeal to this court, Ms. Baguioen has not pointed to any allegedly incorrect regulatory, statutory, or constitutional interpretation. Ms. Baguioen has failed to state a claim over which this Court has jurisdiction and her appeal must therefore be dismissed.